991 F.2d 811
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kathy L. MARTIN, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 93-3071.
 United States Court of Appeals, Federal Circuit.
 March 22, 1993.
 
 Before PAULINE NEWMAN, ARCHER and MAYER, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Kathy L. Martin seeks review of the decision of the Merit Systems Protection Board, Docket No. SF0351920495-I-1, which held that her appeal was untimely, and that she was not entitled to restoration consideration. We vacate and remand.
 
 Background
 
 2
 Ms. Martin was employed as a sheet metal mechanic helper at Mare Island Naval Shipyard in Vallejo, California. In 1988 Ms. Martin sustained a job-related injury, for which she received disability compensation through the Office of Worker's Compensation Program (OWCP) for intermittent periods, and was placed on light duty.
 
 
 3
 By notice dated May 4, 1990, the Navy issued to Ms. Martin a "Proposal to Terminate--Disability". The notice stated that Ms. Martin was unable to perform her full duties, that her position could not be modified to accommodate her medical restrictions, and that there were no other vacant positions for which she qualified. Ms. Martin responded to the notice and requested that the termination be held in abeyance to allow her to file for disability retirement.
 
 
 4
 The Navy responded by letter of May 30, 1990, informing Ms. Martin that she would be terminated effective June 8, 1990. Ms. Martin did not work and received no pay after June 8, 1990. The ensuing events are a tangle of conflicting information, understanding, and action. Although the May 30, 1990 letter stated that an SF-50 would be promptly issued, it was not. The administrative judge concluded that Ms. Martin was not terminated, but remained an employee of the agency. Meanwhile, on June 6, 1990 Ms. Martin had applied to OWCP based on the announced termination. By letter dated August 29, 1990 OWCP advised Ms. Martin that she would receive wage loss compensation, beginning June 11, 1990.
 
 
 5
 The Navy states that on August 20, 1990 it mailed to Ms. Martin a "Notice Of Reduction In Force" (RIF). Ms. Martin states that she never received this notice, and the record contains no evidence of mailing or receipt. Indeed, the record shows that another absent employee was required to sign for personal receipt of the notice. The RIF notice was described as including notice of appeal rights, and stating that Ms. Martin was entitled to severance pay and certain priority placement benefits. The record also contains an SF-50 which records the RIF, the entitlement to severance pay, and the entitlement to priority reinstatement. The severance pay was paid. Ms. Martin states that she was not aware of her appeal rights until she pursued a claim for reinstatement or restoration of job rights, about a year later. The restoration issue arose when OWCP notified Ms. Martin that her disability compensation would be terminated on July 27, 1991 based on medical evidence that she had no continuing disability. This letter informed Ms. Martin that she had job restoration rights, for which she then applied. The letter also contained procedures for appealing the OWCP ruling to the Employees' Compensation Appeals Board (ECAB).
 
 
 6
 Ms. Martin appealed the OWCP ruling to the ECAB. Since her request for job restoration had been denied, she sought the help of her congressman. The Navy directed a letter to her congressman on January 27, 1992. The letter, signed by Captain M.T. Coyle, commander of the Mare Island shipyard, stated that Ms. Martin had no restoration rights because she was separated due to a RIF, not disability. Ms. Martin states that this was the first time she was aware of her termination by RIF, and points to the conflicting statements concerning restoration rights. The letter to the congressman also stated:
 
 
 7
 Ms. Martin does have the right to appeal this decision if she does so within 20 calendar days of receipt of this letter. Her appeal must be in writing and submitted to [MSPB San Francisco address]. If Ms. Martin files an appeal outside the time limit stated above, she must, at the same time file a motion for waiver of the time limit.
 
 
 8
 Ms. Martin duly filed an appeal with the MSPB on February 12, 1992. The administrative judge on June 11, 1992 dismissed the appeal as untimely, holding that it should have been filed within 20 days of the date of separation or of the RIF, that it was 16-20 months late, depending on which date is counted, and that good cause for the delay had not been shown. The administrative judge also held that since Ms. Martin had been separated by RIF she had no restoration rights, and dismissed the restoration appeal for absence of jurisdiction.
 
 Timeliness
 
 9
 It is within the Board's authority to waive an untimely filing, on good cause shown. This court will not intervene in the Board's discretionary decisions with respect to waiver of untimely filing. This case, however, does not raise the question of discretionary waiver. Ms. Martin complied with the time requirements set in the Navy's January 27, 1992 letter. The dismissal for untimeliness was unwarranted, and is reversed. On remand, the Board shall determine whether her removal was by termination for disability, or by RIF, since this determination is stated to be fundamental to Ms. Martin's restoration rights.
 
 Restoration Rights
 
 10
 The administrative judge, treating Ms. Martin's separation as by RIF, held that she had no restoration rights. The full Board refused to consider the proffered evidence that on August 19, 1992, after the administrative judge's decision of June 11, 1992 but before the Board's decision on October 20, 1992, the ECAB held that Ms. Martin remained entitled to disability compensation, retroactive to July 27, 1991. Thus the issue of restoration rights was not ripe for consideration, for Ms. Martin can not invoke restoration rights until she has recovered from her disability.
 
 
 11
 However, Ms. Martin is entitled to appeal her removal in order to clarify the basis of her separation, lest this appellate window close forever. The conflicts, inconsistencies, and errors at the time Ms. Martin was separated require resolution in order to establish whether she has restoration rights. Indeed, this confusion was aggravated by the Board's holding that Ms. Martin could have appealed her disability separation within 20 days after its effective date, i.e., by June 28, 1990, while at the same time holding that Ms. Martin was not separated until the RIF in August 1990.
 
 
 12
 In sum, timeliness of the appeal with respect to restoration rights was never an issue. However, we must vacate the Board's assumption that Ms. Martin was separated by RIF, for that issue has not yet been litigated. We remand for resolution of these issues.
 
 
 13
 Costs to Petitioner.
 
 
 14
 MAYER, Circuit Judge, dissenting.
 
 
 15
 I would affirm. Our review is very limited and we may reverse only if we determine the board's decision was arbitrary or capricious, was not supported by substantial evidence, or was not issued in accordance with applicable provisions of the law. See 5 U.S.C. § 7703(c) (1988). I cannot see that the board's decision was deficient under this standard.
 
 
 16
 On the timeliness issue, the administrative judge held that regardless of the basis for Martin's release, her failure to file a timely appeal was not excused. He also held that Captain Coyne's letter of January 27, 1992, to Martin's congressman did not give her additional time to appeal her removal. Those conclusions are sufficiently supported by the evidence.
 
 
 17
 Regarding Martin's restoration appeal, the administrative judge found that she was released by RIF. This factual finding was based on substantial evidence and the credibility of the witnesses who testified, including Martin herself. Such credibility determinations are virtually unreviewable. Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). The court states that although appeal of Martin's restoration rights was premature given her continued entitlement to disability compensation, remand is necessary to conclusively decide the basis for her separation. Given the administrative judge's clear finding that she was separated by RIF, there is no need for a remand.